**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank J. Cenname, | ) | No. CV-05-1766-PHX-MHM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants. | ) | |

This matter arises on the Court's review of the file. Plaintiff commenced this action on June 10, 2005. (document # 1) On September 6, 2005, the Court granted Plaintiff *in forma pauperis* status and ordered service on Defendants. The Clerk of Court mailed service packets to Plaintiff to complete and return to the Court. (September 12, 2005 docket entry) The Court directed Plaintiff to return the completed service packets on or before October 3, 2005. (document # 6) The Court warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Although the deadline has long passed, Plaintiff failed to return completed service packets to the Court.

In view of Plaintiff's violation of the Court's Order by failing to return the completed service packets to the Court, the Court ordered Plaintiff to show cause on or before June 30, 2006, why this matter should not be dismissed without prejudice for failure to comply with Court orders and for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

On June 23, 2006, the Court received returned mail addressed to Plaintiff indicating that Plaintiff is no longer at the address on file with the Court. Plaintiff has neither notified the

Court of his current address nor responded to the Order to Show Cause. Despite the Court's warning, Plaintiff has failed to either return a completed service packet for Defendant or otherwise serve Defendant Arpaio. Plaintiff continues to ignore Court orders and has ground this matter to a halt. This matter has been pending for over a year during which time Plaintiff has disregarded Court orders and shown no interest in prosecuting his claims. The Court, therefore, will consider whether to dismiss this matter for failure to comply with court orders and for failure to prosecute

When considering whether to dismiss an action for failure to comply with Court orders and for failure to prosecute the court considers: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)(quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two dismissal factors support dismissal. Plaintiff's failure to take any substantive action since filing a Complaint on June 10, 2005 has impeded the resolution of this case. Malone v. United States Postal Service, 83 F.2d 128, 130 (9th Cir. 1987). Second, Plaintiff's failure to offer any explanation for his delay in returning a completed service packet weighs in favor of dismissal. Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay and lack of prejudice to Defendant. Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984). Under Rule 41(b), Plaintiff is required to prosecute his case with reasonable diligence. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978). There is no evidence that Plaintiff has contacted the Court or Defendant regarding this case. Plaintiff offers no excuse for his failure to prosecute his claims or for his complete disregard for court orders. Under these circumstances, the delay is unreasonable and creates a presumption of prejudice to defendant. Henderson, 779 F.2d at 1423. Fourth, Court's June 13, 2006 Order warned Plaintiff that the Court may dismiss the matter if Plaintiff did not comply with court orders and effect service within the time limits prescribed. This warning satisfies the Court's obligation to consider less drastic alternatives to dismissal. Malone, 833 F.2d at 131.

1  Finally, the public policy in favor of deciding cases on the merits weighs against dismissal. This
2  factor alone, however, is insufficient to outweigh the other factors which support dismissal. Id.
3          After review of the foregoing factors, the Court finds that this matter should be dismissed
4  based on Plaintiff's failure to comply with court orders and failure to prosecute. Fed.R.Civ.P.
5  41(b).
6          Accordingly,
7          **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of
8  Civil Procedure, this action is dismissed without prejudice and the Clerk of the Court shall enter
9  judgment accordingly.
10         DATED this 18th day of July, 2006.

_____
Mary H. Murgia
United States District Judge

- 3 -